UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:22-cv-08471-HDV-KS                              Date: August 14, 2023

Title   *Shenzhen Carku Technology Co., Ltd. v. Pilot, Inc.*


Present:  The Honorable:   Karen L. Stevenson, Chief U.S. Magistrate Judge


| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:


**Proceedings:  MINUTE ORDER RE: JOINT STIPULATION PURSUANT TO L.R. 37 RE: SUPPLEMENTING PROTECTIVE ORDER [Dkt. No. 49]**

Before the Court for resolution is the parties' Joint Stipulation Pursuant to L.R. 37 re: Supplementing Protective Order (the "Joint Stipulation" or "Joint Stip."), along with the Declarations of John D. Esterhay ("Esterhay Decl.") and Alex W. Ruge ("Ruge Decl.), and related exhibits, filed on July 14, 2023.  (Dkt. No. 49.)  On July 26, 2023, Plaintiff and Defendant each filed a Supplemental Memorandum in support of their position.  (Dkt. No. 52 (Defendant); Dkt. No. 53 (Plaintiff).)  On August 9, 2023, the Court held a Zoom hearing regarding the Joint Stipulation and took the matter under submission.  (Dkt. No. 56.)


**RELEVANT BACKGROUND**

Plaintiff Shenzhen Carku Technology Co., Ltd. ("Plaintiff" or "Carku") commenced this patent infringement action on November 18, 2022.  (Dkt. No. 1.)  Defendant Pilot, Inc. filed an Answer to Complaint for Declaratory Judgment of Noninfringement on May 1, 2023, and a Counterclaim against Carku.  (Dkt. Nos. 15, 17.)  On May 22, 2023, Carku filed a First Amended Complaint ("FAC") against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-08471-HDV-KS                                   Date: August 14, 2023

Title      *Shenzhen Carku Technology Co., Ltd. v. Pilot, Inc.*

Pilot.  (Dkt. No. 23.)  On May 30, 2023, Pilot filed an Answer to the FAC and a First Amended Counterclaim against Carku.  (Dkt. Nos. 32, 33.)

## A. Plaintiff's Allegations

In the operative FAC, Plaintiff "seeks a declaratory judgment that its hand-held lithium battery-powered jump starters, . . . [do] not directly or indirectly infringe [U.S. Patent No. 11,376,971] (the '971 Patent)" that has "ostensibly been assigned to Defendant Pilot, Inc."  (Dkt. No. 23 at 1-2.)  Plaintiff also seeks a declaratory judgment that all claims of the '971 Patent are invalid.  (*Id*. at 2.)

## B. Pilot's Counterclaim

Pilot's First Amended Counterclaim alleges that Pilot "strives to be first to market with innovations designed to serve the various needs of the growing automotive aftermarket."  (Dkt. No. 33 at ¶ 8.)  Pilot further alleges that its former President and CEO began working to develop a safe lithium jump starter for automobiles as early as 2013.  (*Id.* at ¶¶ 11-15.)  As relevant here, Pilot states that as a result of its efforts, ultimately, "the '971 patent was fully assigned to Pilot on May 6, 2019, through a worldwide assignment wherein the Wang inventors assigned all continuations of [various] patents within the patent family to Pilot."  (Dkt. No. 33 at ¶ 29.)

## THE JOINT STIPULATION

In the Joint Stipulation, Plaintiff seeks an order supplementing the existing interim stipulated protective order (dkt no. 40) with language consistent with certain optional language in the Northern District of California's Model Protective Order for Litigation Involving Patents.  Specifically, Plaintiff asks the Court to revise the existing interim protective order to include two additional provisions:  (1) the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-08471-HDV-KS                                             Date: August 14, 2023

Title     *Shenzhen Carku Technology Co., Ltd. v. Pilot, Inc.*

Northern District's language that provides heightened protections for disclosure of source code; and (2) a patent prosecution bar.  (*See* Esterhay Decl., ¶ 4, Ex. B.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978); *see also In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020).  Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  FED. R. CIV. P. 26(b)(1).  Relevant information need not be admissible to be discoverable. *Id.*; *see Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1005-06 (S.D. Cal. 2021).

District courts have broad discretion in controlling discovery.  A district court's order "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Med Vets, Inc. v. VIP Petcare Holdings, Inc.*, 811 F. App'x 422, 424 (9th Cir. 2020) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Slater v. Morton*, 797 F. App'x 323, 325 (9th Cir. 2020) (explaining that district court rulings on discovery will not be overturned unless there is an abuse of discretion).

## DISCUSSION AND ANALYSIS

Having thoroughly reviewed the parties filings and after hearing the arguments of counsel at the hearing on this matter, the Court is persuaded that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:22-cv-08471-HDV-KS                                          Date: August 14, 2023

Title   *Shenzhen Carku Technology Co., Ltd. v. Pilot, Inc.*

Plaintiff has satisfied the good cause standard to warrant incorporating the additional source code protections reflected in the Northern District of California's model protective order for patent matters.

However, the Court has significant concerns regarding the breadth and scope of the proposed litigation bar. Courts in this judicial district "will not mechanically impose prosecution bars" and are "mindful about imposing undue restrictions on counsel." *Freed Designs, Inc. v. Sig Sauer, Inc.*, No. CV 13-9570-ODW (AGRx) (C.D. Cal. Aug. 4, 2014) (Dkt. No. 33 at 9.)

Plaintiff maintains that it has more than satisfied the showing required under the Federal Circuit's decision in *In re Deutsche Bank Trust Co.*, 605 F.3d 1373 (Fed. Cir. 2010) ("*In re Deutsche Bank*"). (Joint Stip. at 11-12.) Pilot agrees that "whether there is good cause for a patent prosecution bar is determined under [*In re Deutsche Bank*], but disagrees about whether the Federal Circuit has set forth a four-factor test as Carku argues." (Joint Stip. at 23.)

More importantly, the Court remains unpersuaded that Plaintiff has met its burden to prove that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar *reasonably reflect the risk* presented by the disclosure of proprietary competitive information. *In re Deutsche Bank*, 605 F.3d at 1381 (emphasis added). Indeed, Plaintiff argues that the "Prosecution Bar applies to prosecution of *future* patents, not the '971 Patent, as it has already been issued." (Plaintiff's Supp. Mem. at 4 (emphasis in original).)

Defendant contends that the Stipulated Order "already severely limits who can access information to those that need it for the litigation in addition to otherwise limiting how the information can be used" and no further protections are needed. (Joint Stip. at 23-24.) The Court concludes that further briefing on this issue would

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-08471-HDV-KS                                    Date: August 14, 2023

Title      *Shenzhen Carku Technology Co., Ltd. v. Pilot, Inc.*

be useful.  Accordingly, the Court defers its ruling on the issue of a litigation bar, pending receipt of additional briefing.

On or before **August 29, 2023,** Plaintiff may submit a supplemental brief of no more than ten (10) pages that specifically addresses how Plaintiff's proposed litigation bar for "*future* patents" "reasonably reflects" any risk of disclosure of its proprietary information without imposing undue restrictions on defense counsel and/or its experts.  **On or before September 5, 2023**, Defendant may file a response of no more than ten (10) pages.  No replies will be accepted.  The Court will issue a ruling after reviewing the Parties' submissions.

## CONCLUSION

For the reasons discussed above, Plaintiff's request that the Court adopt the language provided in the Northern District of California's model protective order for patent litigation is GRANTED in part and DEFERRED in part.  Plaintiff's request that the Court include language in the Northern District of California's model protective order for patent litigation affording heightened protections for source code is GRANTED.  Plaintiff's request for a prosecution bar is DEFERRED pending the Court's receipt of the parties' supplemental briefing as outlined above.

IT IS SO ORDERED.

                                                                              :
**Initials of Preparer**          gr